UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOFTWARE PUBLISHERS ASSOCIATION d/b/a SOFTWARE & INFORMATION INDUSTRY ASSOCIATION, a non-for-profit trade association, | ) ) ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 3:06-CV-0949-G |
| | ) | **ECF** |
| VS. | ) ) | |
| SCOTT & SCOTT, LLP, a limited liability partnership, and ROBERT J. SCOTT, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Scott & Scott, LLP ("Scott & Scott") and Robert J. Scott ("Scott") (collectively, "the defendants") to dismiss the complaint of the plaintiff Software Publishers Association d/b/a Software & Information Industry Association ("SIIA" or "the plaintiff"). For the reasons set forth herein, the defendants' motion is denied.

# I.  BACKGROUND

The complaint in this case alleges cybersquatting, trademark infringement, trademark dilution, unfair competition, and copyright infringement by the defendants.  SIIA is a not-for-profit trade association of computer software publishers. *See* First Amended Complaint for Cybersquatting, Service Mark Infringement, Unfair Competition, Dilution and Copyright Infringement ("Amended Complaint") ¶ 3. One of SIIA's purposes is to enforce the copyrights of its member companies.  *Id.* ¶ 7. SIIA enforces these copyrights by investigating alleged cases of software piracy and, at times, filing suit on behalf of its member corporations.  Defendants' Motion to Dismiss ("Motion to Dismiss") at 2.  Scott & Scott is a law firm concentrating its practice on representing organizations that are the target of an SIIA investigation or lawsuit.  Amended Complaint ¶ 16.  Scott is the managing partner of Scott & Scott. *Id.* ¶ 17.

According to the amended complaint, SIIA, formerly known as "Software Publishers Association," changed its name to SIIA in 1999 and has used "SIIA" as its name and service mark since that time.  *Id.* ¶ 8.  SIIA registered its mark with the United States Patent and Trademark Office; the priority date of that registration was December 22, 1998.  *Id.* ¶ 11.  SIIA maintains a website located at the URL "www.siia.net."  *Id.* ¶ 10.  Sometime after the adoption and registration of the "SIIA" mark, the defendants registered several internet domain names containing the "SIIA"

mark, including "thesiia.com," "siiaaudit.com," "siiaaudits.com," and "siiadefense.com." *Id.* ¶ 18.  The plaintiff alleges that the defendants repeatedly use its mark on the "siiadefense.com" website.  *Id.* ¶ 20.

Also, SIIA published a software audit program which it markets as "SPAudit." *Id.* ¶ 14.  The defendants, through the "siiadefense.com" website, promotes and offers its own software auditing program called "SIIA Auditor."  *Id.* ¶ 22.

Additionally, SIIA and its outside counsel authored and created letters and pleadings ("the Anti-Piracy Works") related to the enforcement of its members' copyrights.  *Id.* ¶ 42.  Though the outside counsel owned the copyright interests in the Anti-Piracy Works, SIIA avers that the outside counsel assigned the rights in these works to SIIA.  *Id.* ¶ 44.

Attached to the amended complaint are two certificates of registration from the United States Copyright Office.  *See* Certificate of Registration ("Audit Letter Registration"), April 21, 2006, *attached to* Amended Complaint, *as* Exhibit 2; Certificate of Registration ("Settlement Letter Registration"), April 21, 2006, *attached to* Amended Complaint, *as* Exhibit 3.  The plaintiff alleges that the defendants have reproduced these copyrighted works on the "siiadefense.com" website without the permission or consent of SIIA.  *Id.* ¶ 46.

## II. ANALYSIS

The defendants, on this pre-answer motion to dismiss, argue that certain claims -- and the amended complaint as a whole -- should be dismissed.  They aver that SIIA fails to meet the standing requirements necessary to pursue its copyright infringement claim.  Motion to Dismiss at 4.  Scott argues that all claims against him individually should be dismissed under FED. R. CIV. P. 12(b)(6) because the plaintiff fails to allege how he, as an individual, can be held liable for the violations allegedly committed by Scott & Scott.  *Id.* at 7.  Both defendants argue that all claims -- copyright infringement, cybersquatting, service mark infringement, unfair competition, and dilution -- should be dismissed pursuant to Rule 12(b)(6) for the plaintiff's failure to state a claim upon which relief can be granted.  *Id.* at 8, 11, 17.  Finally, the defendants argue that the plaintiff has failed to state a claim for statutory damages or attorney's fees under the Copyright Act.  *Id.* at 18.  Each of these arguments will be addressed in turn.

### A.  Rule 12(b)(1) Subject Matter Jurisdiction

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. Const. Art. III § 2.  Standing -- *i.e.*, the need to show that the plaintiff has a direct, personal stake in the outcome of the suit -- is an "essential and unchanging part" of this case-or-controversy requirement.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The federal courts are under an

independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231 (1990)) (internal quotation marks omitted); see also *Sommers Drug Stores Company Employment Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989) ("'Standing, since it goes to the very power of the court to act, must exist at all stages of the proceeding, and not merely when the action is initiated or during an initial appeal.'") (quoting *Safir v. Dole*, 718 F.2d 475, 481 (D.C. Cir. 1983), *cert. denied*, 476 U.S. 1206 (1984)); *University of South Alabama v. American Tobacco Company*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As the Supreme Court explained in *Lujan,* the "irreducible constitutional minimum of standing" has three elements:

> First, the plaintiff[s] must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

504 U.S. at 560 (internal citations and footnote omitted).

Lack of standing is a defect in subject matter jurisdiction.  See *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (citing *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)); see also *Corrigan*, 883 F.2d at 348 ("standing is essential to the exercise of jurisdiction, and . . . lack of standing can be raised at any time by a party or by the court.") (citing *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986), *cert. denied*, 481 U.S. 1014 (1987)).

Federal district courts have the unique power to make factual findings which are decisive of subject matter jurisdiction.  See *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citing, among other authorities, *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)), *cert. denied*, 454 U.S. 897 (1981).  The district court has the power to dismiss for lack of subject matter jurisdiction -- and thus for lack of standing -- on any one of three separate bases:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413; *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997); see also *Haase*, 835 F.2d at 907 (noting that, to the extent the assessment of a plaintiff's standing turns on factual evidence, a court may consider all matters developed in the record at the time of its decision).

On the instant motion to dismiss the copyright infringement claim, the defendants argue that SIIA does not have standing to bring this claim because SIIA

has neither pleaded that the assignment was in writing (a requirement for recovery under 17 U.S.C. §204(a)) nor presented the court with a *written* assignment.  Motion to Dismiss at 5-6.  Instead, SIIA alleges only that "SIIA's outside counsel who owned copyright interests in the Anti-Piracy Works have assigned their copyrights in such works to SIIA."  Amended Complaint ¶ 44.  Furthermore, the defendants argue that without either attaching the written assignment or tracking the language of the assignment in the complaint, SIIA cannot recover for prior acts of infringement by the defendants.  Motion to Dismiss at 6.

As for the defendants' first argument -- that SIIA needed to plead that the assignment was in writing -- the court disagrees with this legal proposition.  In *Iconbazzar, L.L.C. v. America Online, Inc.*, 308 F. Supp. 2d 630 (M.D.N.C. 2004), the district court for the Middle District of North Carolina confronted a similar challenge to the writing requirement and held the allegation of an "assignment" by the author of the copyrighted work to the plaintiff was sufficient to establish standing.  *Id.* at 635.  The absence of an allegation that the assignment was in writing does not defeat standing.  *Id.*

Moreover, while the burden is on the party seeking to invoke the federal court's subject matter jurisdiction to establish the requisite standing requirements, that burden need be met only by a preponderance of the evidence.  See *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).  SIIA has made

- 7 -

such a showing in this case.  Attached to its complaint are three exhibits, the second and third of which are the certificates of registration from the United States Copyright Office with regards to the Anti-Piracy Works.  *See* Audit Letter Registration; Settlement Letter Registration.  Section 4 of these certificates lists SIIA as the copyright claimant and states that the copyright was transferred by "copyright assignment *dated* 3/7/06."  Audit Letter Registration at 1 (emphasis added); Settlement Letter Registration at 1 (same).  Though not conclusive on the issue of assignment (as the certificates are not signed by the purported author of the works described therein), the court finds that under the preponderance standard, these writings are sufficient to satisfy the court's jurisdictional inquiry that such a written assignment exists in this case.

The second standing argument raised by the defendants is subtler.  The defendants, relying on this court's opinion in *Seastrunk v. Darwell Integrated Technology, Inc.*, No. 3:05-CV-531-G, 2005 WL 1667811 (N.D. Tex. July 15, 2005) (Fish, C.J.), argue that SIIA does not have standing to enforce accrued claims of infringement unless the written assignment expressly grants SIIA the right to pursue such accrued claims.  Motion to Dismiss at 5-6.  After asserting this legal standard, the defendants aver that SIIA has not met its burden of demonstrating that it has standing because SIIA neither attached a copy of the written assignment nor tracked the language of the assignment in the text of the complaint.  To be clear, the defendants argue that

without evidence of an express grant of the right to bring *accrued* claims, SIIA has no

standing to sue for copyright infringement.  This court does not gainsay the legal

standard urged by the defendants from *Seastrunk* -- for an assignee to have standing to

bring claims of copyright infringement for acts that predate an assignment of those

rights, the assignee must demonstrate to the court that the assignor expressly granted

the assignee the rights to those accrued claims.  However, the defendants' reliance on

the *Seastrunk* holding is misguided with regard to whether SIIA has standing to bring

a claim of copyright infringement against the defendants; nothing in *Seastrunk* would

bar this plaintiff from pursuing a claim of copyright infringement for actions that

occurred *after* the date of assignment.

In *Seastrunk*, the author of the copyrighted works licensed his works to the

defendant DTS International, Inc. ("DTS") in exchange for royalty payments.  See *id.*

at *1.  Eventually, DTS discontinued paying royalties to the author but continued

using the copyrighted works.  See *id.*  DTS filed for Chapter 7 bankruptcy in January

of 2004; the author assigned the copyright to the plaintiff in August of 2004.  See *id.*

The writing memorializing the assignment was attached to the complaint and

contained no express grant of rights in accrued claims.  See *id.*  The standing issue

that this court confronted was whether the plaintiff had the right to bring all accrued

claims "from *past* acts" of DTS.  *Id.* at *3 (emphasis in original; internal quotation

marks omitted).  This court held that "the assignment of a copyright does not

necessarily imply a grant of accrued claims" and that the plaintiff "may not bring accrued claims because the [assignment] does not expressly assign him the right to do so." *Id*. at *4. Thus, to that extent, the current defendants are correct, without a copy of the written assignment or a pleading tracking the language of the assignment, the court cannot find that SIIA has the exclusive right to enforce the copyright for infringements which occurred prior to the date of assignment.

Unlike the case in *Seastrunk*, however, there is no clear temporal demarcation here to show a lack of standing on the part of SIIA. That is, while there is insufficient evidence before the court to find that SIIA has standing to sue the defendants for any infringements of the Anti-Piracy Works which preceded the date of assignment, there is sufficient evidence to warrant a determination that SIIA has standing to sue these defendants for acts of infringement occurring after the date of assignment. Neither party has presented evidence to this court of the date on which the alleged infringement commenced or ceased. Therefore, the court finds that SIIA has standing to pursue its claim of copyright infringement. Whether the plaintiff has obtained the legal rights to sue these defendants for accrued infringements remains an open question, to be resolved at a later stage of the case upon examination of the written assignment and any amendments thereto.

B. Rule 12(b)(6) Failure to State a Claim

1. *Legal Standard for Rule 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379

(5th Cir. 2003).  In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

2.  *Motion to Dismiss All Claims Against Scott*

Scott asserts that all claims brought against him in his individual capacity should be dismissed for failure to state a claim upon which relief can be granted. Specifically, he argues that SIIA has failed to assert how he, as the managing partner of Scott & Scott, can be held personally liable for the alleged torts committed by his firm.  Motion to Dismiss at 6.

Scott & Scott is a limited liability partnership formed under the laws of the State of Texas.  *See* Amended Complaint ¶ 4; Motion to Dismiss at 7 n. 4.  Under Texas law, limited liability partnerships are governed by the Texas Revised Limited Partnership Act.  Tex. Rev. Civ. Stat. art. 6132a-1 § 2.14(c).  The Texas Revised Limited Partnership Act provides partners with a shield from liability stemming from the actions of the partnership.  *See* Tex. Rev. Civ. Stat. art. § 6132b-3.08(a)(1). While one partner cannot be held liable for the conduct of another partner, the first partner can be held liable if he was "directly involved in the specific activity in which the . . . negligence . . . or malfeasance" was "committed by another partner" or "had notice or knowledge of . . . negligence . . . or malfeasance by the other partner . . . at

- 12 -

the time of occurrence and then failed to take reasonable steps to prevent or cure the . . . negligence . . . or malfeasance." *Id.* § 6132-3.08(a)(2)(A)-(B).  Additionally, Texas law dictates that nothing in § 6132b-3.08 affects the liability of the partner independent of his partnership status. *Id.* § 6132b-3.08(a)(3).

Though the pleadings may be imprecise, they do not warrant dismissal of the actions against Scott.  In the amended complaint, SIIA alleges that Scott is "the managing partner of Scott & Scott and controls the *activities* of Scott & Scott *complained of herein*."  Amended Complaint ¶ 17 (emphasis added).  Throughout the amended complaint, SIIA attributes the alleged actions to the "defendants" collectively.  See, *e.g.*, *id*. ¶ 29.  No limited liability partnership law in any state extends so far as to shield a partner from his own wrongful conduct.  When applying the proper Rule 12(b)(6) standard, the claims against Scott, as pleaded, are sufficient to survive a motion to dismiss for failure to state a claim because there are facts under which the plaintiff could conceivably prevail.  By alleging that Scott "control[led] the activities of Scott & Scott complained of" in this suit, the plaintiff can recover against Scott under the theory that he was directly involved in the wrongful conduct of Scott & Scott or that he had knowledge of the wrongful conduct but failed to take reasonable steps to prevent it.  The defendants do not direct the court to a single federal or Texas case supporting the proposition that suit cannot be maintained against a partner who, according to the complaint, controlled the actions of the

partnership named as a defendant.  Accordingly, the motion to dismiss all claims

against Scott in his individual capacity is denied.

3.   *Motion to Dismiss the Individual Counts of the Amended Complaint*

a.   Copyright Infringement Claim

To prevail on a claim of copyright infringement, the plaintiff must demonstrate

(1) ownership of a valid copyright and (2) "actionable copying, which is the copying

of constituent elements of the work that are copyrightable." *Bridgmon v. Array Systems*

*Corporation*, 325 F.3d 572, 576 (5th Cir. 2003).  Thus the inquiry on a Rule 12(b)(6)

motion to dismiss is whether the plaintiff has *pleaded*, not proven, these necessary

elements.  SIIA has averred ownership of valid copyrights, attached certificates of

registration in support of those copyrights, and alleged a reproduction by the

defendants of this copyrighted material.  *See* Amended Complaint ¶¶ 44-46.  Though

SIIA referred to "letters and pleadings" in a general fashion within its amended

complaint and states that the certificates represent "various SIIA Anti-Piracy Works,"

the attached certificates of registration are sufficient to give the defendants notice

which materials are at issue in this case.  See *Seastrunk v. Darwell Integrated, Inc.*, No.

3:05-CV-0531-G, 2006 WL 1932342, at *4 (N.D. Tex. July 10, 2006) (Fish, C.J.)

("Since the copyright registrations are attached to the complaint, the defendants are

on notice of the works allegedly infringed.").[1]  Thus, the allegations in the amended

complaint are sufficient to survive the motion to dismiss for failure to state a claim.

### b. Cybersquatting Claim

The defendants' motion to dismiss all of the remaining counts of the amended

complaint fails for the same reason -- if SIIA proves the allegations included in each

count, it will be entitled to recover.  The defendants appear to be confused about the

proper inquiry under Rule 12(b)(6), for they admit, throughout their motion to

dismiss, that the plaintiff has pleaded the proper elements to support its claims but

then invite the court to make factual determinations concerning the plaintiff's

allegations.  Such a factual inquiry is impermissible at this stage of the case.  As stated

above, the role of the court on a Rule 12(b)(6) motion to dismiss is to determine

whether the plaintiff, as a matter of law, cannot prevail on its claims even if the

plaintiff were to prove all the facts alleged in the complaint.  The defendants have not

satisfied this exacting standard.

To prevail on a claim of cybersquatting under 15 U.S.C. § 1125(d), the

plaintiff must prove:  (1) that its mark is distinctive; (2) that the defendant registers

or uses a domain name that is "identical or confusingly similar to that mark;" and

(3) that the defendant "has a bad faith intent to profit from the mark."  15 U.S.C.

---

[1]        However, the court notes that the defendants have not been put on
notice of any other alleged copyright violations.  Accordingly, the claim of copyright
infringement is limited to the works referenced in the attachments to the amended
complaint.

§ 1125(d)(1)(A); see also *Lucas Nursery and Landscaping, Inc. v. Grosse*, 359 F.3d 806, 809 (6th Cir. 2004).  In its amended complaint, SIIA alleges that its mark is distinctive and registered with the United States Patent Office, that the defendants register and use at least four domain names which use the "SIIA" mark, that the domain names are confusingly similar to that of the plaintiff, and that the defendants register and use these domain names with a bad faith intent to profit from SIIA's mark.  Amended Complaint ¶¶ 11, 15, 18, 26.

Rather than argue that SIIA cannot prevail under the allegations of the amended complaint even if all of the allegations were proven, the defendants submitted a five-page argument requesting the court, on a Rule 12(b)(6) motion to dismiss, to determine whether the SIIA mark is distinctive, to determine whether the defendants' domain names are confusingly similar to the plaintiff's, and to determine whether the defendants acted with a bad faith intent.  The defendants cite no case in which a district court has engaged in such factual inquiries on a motion to dismiss.[2]

---

[2]     In their reply, the defendants attempt to rely on *Dow Jones & Company, Inc. v. International Securities Exchange, Inc.*, 451 F.3d 295 (2d Cir. 2006), for the proposition that a district court can engage in factual determinations on a motion to dismiss.  Reply in Support of Defendants' Motion to Dismiss at 9.  That case, however, can easily and facially be distinguished from the case at bar.  In *Dow Jones & Company*, the defendant, a seller of securities options, used the plaintiff's mark in a press release stating that the defendant could sell "options on SPDR®".  451 F.3d at 308.  There, the Second Circuit affirmed the district court's grant of a Rule 12(b)(6) motion to dismiss on the narrow ground that a trademark right "does not prevent one who trades a branded product from accurately describing it by its brand name, so long as the trader does not create confusion by implying an affiliation with the owner of
                                                                (continued...)

Accordingly, the defendants Rule 12(b)(6) motion to dismiss SIIA's cybersquatting claim is denied.

c.  Service Mark Infringement, Unfair Competition,
and Dilution Claims

To prevail on a claim of trademark infringement under 15 U.S.C. § 1114(1), the plaintiff must prove (1) that it is the owner of a valid and protectable mark and (2) that the defendants' use of the mark creates a likelihood of confusion.  *Source, Inc. v. SourceOne, Inc.*, No. 3:05-CV-1414-G, 2006 WL 2381594, at *3 (N.D. Tex. Aug. 16, 2006) (Fish, C.J.).  Additionally, the plaintiff must prove that the defendant used the plaintiff's mark "in commerce."  *See* 15 U.S.C. § 1114(1).  In this case, SIIA has properly pleaded the necessary facts to establish a *prima facie* case of ownership of the mark and has properly pleaded a likelihood of confusion.  While the plaintiff has not stated verbatim that the defendants are using the plaintiff's mark "in commerce," SIIA has alleged that the defendants use the SIIA mark in connection with their law practice "for the purpose of trading upon the goodwill represented by SIIA's name and marks."  Amended Complaint ¶ 29.  Furthermore, other district courts within the Fifth Circuit have held that the use of a protected mark in internet advertising

---

[2](...continued)
the product."  *Id.*  That is not the situation in the case at bar.  There is no allegation here that the defendants attempted to sell the genuine goods or services of SIIA under SIIA's true mark.  Rather, SIIA alleges that the defendants register and use four domain names containing the plaintiff's mark in order to promote the *defendants'* goods and services.  Amended Complaint ¶ 18.

constitutes the use of the mark "in commerce."  See *Finger Furniture Company, Inc. v.*

*Mattress Firm, Inc.*, No. H-05-0299, 2005 WL 1606934, at \*4 (S.D. Tex. July 1,

2005).  Therefore, the court concludes, the plaintiff has met the pleading

requirements necessary to survive a Rule 12(b)(6) motion to dismiss.

Because the allegations regarding trademark infringement are sufficient to

survive the motion to dismiss, so too is the unfair competition claim.  As a general

rule, the same facts that support a trademark infringement claim also support a claim

for unfair competition.  *Marathon Manufacturing Company v. Enerlite Products*

*Corporation*, 767 F.2d 214, 217 (5th Cir. 1985).  Accordingly, the defendants' motion

to dismiss the unfair competition claim is also denied.

The final claim is for dilution of the plaintiff's mark in violation of both 15

U.S.C. § 1125(c) and TEX. BUS. & COMM. CODE ANN. § 16.29.  To recover under the

federal anti-dilution statute, the plaintiff must demonstrate that:  (1) its mark is

famous or distinctive; (2) the defendants adopted its mark after the mark became

famous or distinctive; and (3) the defendants caused dilution of the plaintiff's mark.

*Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 670 (5th Cir. 2000).

SIIA's claim of mark dilution properly alleges each of these three elements.  *See*

Amended Complaint ¶¶ 38-39.  To maintain a claim for dilution under the Texas

state anti-dilution provision, the plaintiff need only establish: (1) ownership of a

distinctive mark and (2) a likelihood of dilution.  See *Horseshoe Bay Resort Sales*

*Company v. Lake Lyndon B. Johnson Improvement Corporation*, 53 S.W.3d 799, 811 (Tex. App. -- Austin 2001, pet. denied). Again, the plaintiff's complaint pleads with sufficiency these requisite elements. Thus, the defendants' motion to dismiss as to both the state and the federal dilution claims is denied.

### d.  Statutory Damages and Attorneys' Fees
### Pursuant to the Copyright Act

The defendants argue that the amended complaint does not sufficiently set forth allegations to recover statutory damages or attorneys' fees pursuant to 17 U.S.C. § 504. Motion to Dismiss at 18-19. The plaintiff concedes that it has not pleaded the necessary elements for such recovery. *See* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss at 7. In its response, SIIA goes on to assert that in its amended complaint it never stated that it sought statutory damages or attorneys' fees. *Id.* The court agrees with the plaintiff.

Nowhere in the amended complaint does the plaintiff request statutory damages or attorneys' fees pursuant to 17 U.S.C. § 504. Rather, the plaintiff requests injunctive relief pursuant to § 503, namely, the forfeiture and destruction of all copies of the plaintiff's copyrighted works. Amended Complaint ¶¶ 50-51. To the extent that SIIA requests the court to require the defendants "to pay to SIIA all damages SIIA has suffered by reason of . . . defendants' [c]opyright infringement, in accordance with . . . 17 U.S.C. § 503," the defendants are correct that § 503 does not provide for monetary damages. Though the plaintiff's prayer for relief may be

- 19 -

imprecise, it is apparent on the face of the complaint that the plaintiff seeks relief

under only § 503 of the Copyright Act, not § 504.  Therefore, the defendants' motion

to dismiss, to the extent it relies on this imprecision, is denied.

### III.  CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is hereby

**DENIED**.

**SO ORDERED**.

January 11, 2007.

_____

A. JOE FISH

CHIEF JUDGE