UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOFTWARE PUBLISHERS ) <br> ASSOCIATION, a non-for-profit trade ) <br> association d/b/a SOFTWARE & ) <br> INFORMATION INDUSTRY ) <br> ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> SCOTT & SCOTT, LLP, a limited ) <br> liability partnership, and ROBERT J. ) <br> SCOTT, an individual, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 3:06-CV-0949-G <br><br> **ECF** |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Software Publishers Association d/b/a Software & Information Industry Association ("SIIA" or "the plaintiff") to strike the defendants' affirmative defenses and preliminary statement. For the reasons stated herein, the motion is granted in part and denied in part.

I. BACKGROUND

The complaint in this case alleges cybersquatting, service mark infringement, service mark dilution, unfair competition, and copyright infringement by the

defendants Scott & Scott LLP and Robert J. Scott (collectively, "the defendants"). Before engaging in a paragraph-by-paragraph answer to the amended complaint, the defendants provide a five-paragraph "preliminary statement." *See* Answer to First Amended Complaint for Cybersquatting, Service Mark Infringement, Unfair Competition, Dilution and Copyright Infringement ("Answer") at 1-3. The "preliminary statement" contains summaries of both the facts and the defendants' legal arguments. See *id.* After responding to the allegations in the amended complaint, the defendants then set forth their affirmative defenses in twenty-five numbered paragraphs. *Id.* at 9-14. The instant motion to strike followed, asking the court to strike the preliminary statement and certain paragraphs contained in the "affirmative defenses" section of the answer. Specifically, the plaintiff moves that the court strike (1) paragraphs 1, 5, 7, 9, 11-19, and 21-24 of the affirmative defenses on the ground that these paragraphs do not contain affirmative defenses but instead legal arguments[1] and (2) paragraphs 2, 3, 8, 20 and 25 on the ground that the defendants

---

[1] By way of illustration, the following is a representative sample of the "affirmative defenses" challenged by the plaintiff: "Defendants have not infringed any valid or enforceable trademark right of Plaintiff," Answer at 10; "The website located at www.siiadefense.com and the contents therein do not: violate Section 43(d) of the United States Trademark Act, 15 U.S.C. §1125(d), infringe Plaintiff's alleged service mark 'SIIA', constitute unfair competition, unjustly enrich Defendants, violate the anti-dilution law of Section 16.29 of the Texas Business and Commerce Code anti-dilution law, or infringe Plaintiff's copyrights under the United States Copyright Act," *id.*; "Plaintiff does not own a valid copyright," *id.* at 11; and "19. Plaintiff's alleged mark is not distinctive, such that there can be no likelihood of confusion among consumers as to the source, affiliation, or sponsorship," *id.* at 14.

do not state the elements necessary to succeed on the affirmative defenses included therein.[2] Plaintiff's Memorandum in Support of its Unopposed Motion to Strike Defendants' Affirmative Defenses and Preliminary Statement at 3.

---

[2] Affirmative defenses 2, 3, 8, and 25 read, in full:

> 2. Plaintiff's claims are barred, in whole or in part, because Plaintiffs failed to mitigate any damages that they have allegedly incurred.
>
> 3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification.
>
> . . .
>
> 8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.
>
> . . .
>
> 25. Plaintiff's own wrongful acts, including without limitation, Plaintiff's malicious prosecution of this lawsuit, constitute tortious interference with existing contracts and tortious interference with potential contracts. Accordingly, Plaintiff has unclean hands.

Answer at 9-10, 14.

Though SIIA includes affirmative defense 20 within this latter group of challenged defenses, the court finds that it more aptly belongs within the first group. *See* Answer at 14 ("Defendants did not use Plaintiff's alleged mark in commerce.").

## II. ANALYSIS

### A. Standard for Motion to Strike under Rule 12(f)

Rule 12(f) confers on the court the authority, upon motion by a party or *sua sponte*, to order as stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f) are disfavored. *Federal Deposit Insurance Corporation v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993) (Sanders, C.J.). A court should not strike any portion of a pleading as irrelevant unless: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party. See *OKC Corporation v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.). While the decision to grant a motion to strike rests with the discretion of the trial court, a court must deny a motion to strike a defense if there is any question of law or fact. *Federal Deposit Insurance Corporation v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.). See also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."), *cert. denied*, 459 U.S. 1105 (1983).

While SIIA has cause to complain that the preliminary statement and many of the affirmative defenses included in the complaint fall outside the scope of the responses envisioned by FED. R. CIV. P. 8(b) and (c), it has failed to demonstrate how

these statements and affirmative defenses are either wholly unrelated to the underlying controversy or prejudicial to the plaintiff.  Thus, to the extent SIIA moves to dismiss the affirmative defenses and preliminary statement as being irrelevant, immaterial, or impertinent, the motion is denied.

### B.  Sufficiency of Pleading Affirmative Defenses

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  Thus, an affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced. *Woodfield*, 193 F.3d at 362.   In some instances the mere naming of the defense will suffice. *Id.*  Here, however, the defendants' bald assertions that the plaintiff's claims are barred, in whole or in part, "by the doctrines of waiver, estoppel, and ratification," "by the doctrine of laches," and due to the plaintiff's "unclean hands" do not provide SIIA with "fair notice" of the defenses being advanced. *Compare* Answer at 9-10, 14, with *Woodfield*, 193 F.3d at 362 ("[B]aldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question . . ."), and *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006)

("Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense.").

Accordingly, the affirmative defenses of waiver, estoppel, ratification, laches, and unclean hands are stricken from the answer.[3]  However, the court grants the defendants leave to file an amended answer to cure these pleading defects.[4]

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to strike is **GRANTED** in part and **DENIED** in part.  As to the defendants' assertion of the affirmative defenses of estoppel, waiver, ratification, laches, and unclean hands, the motion is

---

[3] To the extent SIIA moves to dismiss the defendants' affirmative defense of failure to mitigate damages, the motion is denied.  SIIA moves to dismiss this affirmative defense on the ground that it fails to state a claim that would bar the plaintiff's suit.  Motion to Strike at 3.  However, failure to mitigate is recognized as an affirmative defense.  See *Federal Deposit Insurance Corporation v. Niblo*, 821 F. Supp. 441, 453 (N.D. Tex. 1993).  Though the defense would not bar any of the plaintiff's claims, it would, if proven, serve to limit the defendants' liability.

[4] Should the defendants choose to file an amended answer, the court is hopeful that the defendants' substitute counsel will comply more closely with the pleading requirements of Rule 8 than did his predecessors.  While SIIA failed to demonstrate that the extraneous materials included in the answer should be stricken, some of the pleadings were so far afield from the requirements of Rule 8 that their presence in the answer borders on the possibility that their inclusion was done in bad faith.  As directed by Rule 8, the answer should contain only two things:  (1) a response (admitting, denying, or claiming insufficient knowledge) to the averments in the complaint; and (2) a statement of all affirmative defenses.  *See* FED. R. CIV. P. 8(b)-(c).  The preliminary statement and the affirmative defenses that amount to no more than a regurgitation of the defendants' denial have proven to be extraneous and have resulted in a waste of judicial resources.  If the defendants choose to amend their answer, they are admonished that these errors should not be repeated.

**GRANTED**.  However, the defendants are granted leave to file electronically, within **ten (10) days** from the date of this memorandum opinion and order, an amended answer reasserting these defenses in more detail.  The plaintiff's motion to strike in all other respects is **DENIED**.

    **SO ORDERED**.

August 15, 2007.

                                                                         _____
                                                                         A. JOE FISH
                                                                         CHIEF JUDGE